# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAHMAR D. SMITH,**

       **Petitioner,**

**v.**                                                        **Civil Action No. 2:10 CV 35**
                                                                       **(Bailey)**

**JAMES N. CROSS, Warden,**

       **Respondent.**

## ORDER

On March 17, 2010, *pro se* Petitioner Jahmar D. Smith instituted the above-styled civil action by filing an Application for *Habeas Corpus* Pursuant to 28 U.S.C. § 2241 in which he seeks an Order from this Court directing the Bureau of Prisons to remove an incident report from its files. The case was referred to United States Magistrate Judge David J. Joel in accordance with Rule 2 of the Local Rules of Prisoner Litigation Procedure.

By Order entered March 18, 2010, Magistrate Judge Joel indicated that his preliminary review of the petitioner's § 2241 Petition had revealed that summary dismissal was not warranted and, accordingly, directed the respondent to show cause why the requested writ should not be granted.

On April 15, 2010, the respondent filed a Response to Show Cause Order and Motion to Dismiss or, in the Alternative, Motion for Summary Judgment along with a Memorandum In Support thereof. On April 16, 2010, Magistrate Judge Joel issued a ***Roseboro*** Notice advising the petitioner that he had twenty-eight days in which to file any response to the respondent's Motion and that a failure to respond might result in the entry of an order of dismissal against him. On May 7, 2010, the petitioner filed his Traverse

Opposing the Respondent's Response.

On June 11, 2010, Magistrate Judge Joel entered a Report and Recommendation ("R&R") [Doc. 13], wherein he recommended that the respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment be granted and that the petitioner's § 2241 Petition be denied and dismissed with prejudice. Specifically, Magistrate Judge Joel found that, throughout the prison disciplinary hearing process in question, the petitioner was provided the due process contemplated by the Supreme Court in **Wolff v. McDonnell**, 418 U.S. 539 (1974). In this regard, Magistrate Judge Joel noted that the petitioner did receive written notice of the charges at least 24 hours in advance of the Disciplinary Hearing Officer ("DHO") hearing; that the petitioner was provided with a written statement by the DHO as to the evidence relied on and the reasons for the disciplinary action; that the petitioner was advised of his right to call witnesses and to present documentary evidence; that the petitioner waived his right to a staff representative; and, finally, that the petitioner was provided an impartial decision-maker.

In addition to finding that the petitioner had been afforded all the due process rights required by **Wolff**, Magistrate Judge Joel found that the findings made by the DHO were sufficient to support the finding that the petitioner had violated Prohibited Act Code 299. Finally, Magistrate Judge Joel found that the petitioner's arguments that he was denied due process because he did not receive a copy of the incident report within twenty-four hours and because he the UDH hearing was not held within three days of the incident in question were without merit. The Magistrate Judge noted that, while BOP Policy Statement 5270.07 does provide time limits for the disciplinary process, a violation of these time limits does not constitute a denial of a petitioner's due process guarantees. In this regard, the

Magistrate Judge referenced the case of **Griffin v. Ebbert**, 2008 WL 2036817 (M.D.Pa. 2008)(A prison's failure to comply with its own procedures will not result in a due process violation as long as the inmate is provided with the process he is due under **Wolff**).

In his R&R, Magistrate Judge Joel provided the parties with fourteen days from the date of service of the R&R in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon the R&R. The petitioner's Objection to the Magistrate's R&R was filed on June 29, 2010.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In his Objection, the petitioner does not objection to specific findings of the Magistrate Judge's R&R but merely reiterates the arguments that he made in his Traverse Opposing the Respondent's Response. The petitioner has not, in either his Traverse or his Objection demonstrated that he was denied the due process contemplated by the Supreme Court in **Wolff v. McDonnell**, 418 U.S. 539 (1974), or that the findings made by the DHO were insufficient to support the finding that the petitioner had violated Prohibited Act Code 299. For that reason, the Court finds that the issues raised by the petitioner in his Objection were thoroughly considered by Magistrate Judge Joel in the R&R. Accordingly, the Court, being of the opinion that Magistrate Judge Joel's R&R accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action, it is

**ORDERED** that the Report and Recommendation entered by United States Magistrate Judge David J. Joel on June 11, 2010 (Doc. 13), be, and the same is hereby, **ADOPTED** for the reasons more fully stated therein. Accordingly, it is

**ORDERED** that the respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 8) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the petitioner's Application for *Habeas Corpus* Pursuant to 28 U.S.C. § 2241 (Doc. 1) be, and the same is hereby, **DENIED** and **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the respondent. It is further

**ORDERED** that, should the petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* petitioner and to counsel of record in the above-styled civil action.

**DATED**: January 5, 2011.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE